UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JOEY DAVID GEORGE,<br><br>　　　　　Defendant. | CASE NO. MJ22-325<br><br>**DETENTION ORDER** |

The Court has conducted a detention hearing under 18 U.S.C. § 3142(f) and concludes there are no conditions which the defendant can meet which would reasonably assure the defendant's appearance as required or the safety of any other person and the community.

**FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION**

Defendant, Joey David George, is charged by complaint with two counts of making Interstate Threats in violation of 18 U.S.C. § 875(c). The complaint alleges Mr. George made phone calls on July 19, 2022, July 20, 2022, January 16, 2022, May 12, 2022, September 21, 2021, September 11, 2021 to various stores, restaurants, and other establishments in the states of New York, Maryland, California, and Washington. In each of these calls Mr. George made statements to the effect that he was going to shoot and kill African American or Hispanic individuals. Mr. George was contacted by state law enforcement officers, and he admitted making the calls. However, even after speaking with law enforcement officers, Mr. George

DETENTION ORDER - 1

1 continued to make phone call allegedly threatening to kill certain individuals. The alleged
2 conduct establishes a pattern of deliberate actions to make threats to kill people. This is not a
3 case in which the allegation involved fleeting conduct or was made once in the heat of the
4 moment. The United States proffered that when the FBI arrested Mr. George, he admitted
5 making the threats to kill and disclosed other threatening calls he made to establishments in
6 Houston, Georgia, and Connecticut. The nature of the offense is thus extremely serious and does
7 not support release.

8 Although Mr. George is charged with violated § 875(c) by making threats to kill, the
9 defense argued this crime is not a crime of violence, and Mr. George must therefore be released
10 from detention. The Court declines to adopt the defense position that § 875(c) is not a crime of
11 violence because the crime can be committed by either threats to kidnap or threats to injure, and
12 the two ways of violating the statute are not divisible. As a non-divisible offense, the defense
13 contends the Court must find § 875(c) is not a crime of violence because kidnapping is not a
14 crime of violence.

15 The Court declines to adopt this construction. The only conduct the complaint alleges is
16 Mr. George threatened to kill numerous people. There is no allegation that he threatened to
17 kidnap any of the people he called. To say Mr. George's actions cannot be deemed to support a
18 finding that the current charge is a crime of violence is to disregard the allegations against him,
19 and treat the charge based upon conduct that did not occur. The Court declines to adopt that
20 approach and concludes that Mr. George is charged with violating § 875(c) by making threats to
21 kill people, and that he is therefore charged with a crime of violence.

22 The Court has also considered the fact that Mr. George lives with his mother, and thus
23 has ties to Western Washington, and has no criminal history. These are obviously factors that

DETENTION ORDER - 2

weigh in favor of release. But the Court also notes Mr. George struggles with emotional or mental health challenges, admits to daily use of Cannabis, and has had on-and-off mental health treatment, and that some of his family members tended to minimize his alleged conduct. His mental health problems and drug use indicate he is unstable especially considering the allegations that he continued to make threats even after being contacted by law enforcement. Mr. George also faces criminal charges in the state of Maryland and the court there issued a warrant for his arrest which is still pending.

In sum, while there are some positive factors such as ties to the community and lack of criminal history, the other factors the court considers weigh against release. The Court accordingly concludes that Mr. George is both a danger to the community and poses a risk of flight and must be detained.

It is therefore **ORDERED**:

(1) Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences, or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the correctional facility in which Defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The Clerk shall provide copies of this order to all counsel, the United States Marshal, and to the United States Probation and Pretrial Services Officer.

DETENTION ORDER - 3

DATED this 25th day of July, 2022.

                                         _____
                                         BRIAN A. TSUCHIDA
                                         United States Magistrate Judge

DETENTION ORDER - 4